The PRESIDENT
delivered the opinion of the court.
The deviation, and putting into Dartmouth, being found by the jury, to have been prudent and unavoidable, in consequence of the action, no objection against the payment of freight, can on that account be made, if the conduct of the captain, in attacking the enemy, were justifiable. The general jjrinciple of law, that a merchantman, having letters of marque, may chace an enemy in sight, but cannot cruize out of her course to look for one, is well established, and seems not to have been controverted at the bar. This is surely a very reasonable distinction; for since commerce is the principal object of such a vessel, it would be improper, that she should lose sight of this, and go in search of prizes. — On the other hand, as letters of marque are obtained at some expence, a vessel would have them to little purpose, if she could never act but on the defensive, and could not, whilst pursuing her great and primary object, embrace a probable chance of making prizes, so as to procure a reimbursement. But to this, t-wo objections are made by the counsel for the appel-lee. — 1st, That the doctrine, tho’ applicable to cases of insurances, is not so, to those, where the question is about freight. The court cannot discern any distinction be *484 tween them; for if the insurer be supposed to know the principles and rules of insurance, and to calculate the rates of hazard accordingly, why is not the freighter to be presumed equally well informed?
*The second objection is, that the captain was restrained by the articles, from giving chace. But upon a view of those articles, it is evident, that the parties well understood the distinction between cruizing, and chasing an enemy in, or near the course, the former of which is alone intended to be prohibited. We are therefore of opinion, that the conduct of the captain, has not deprived the owners of their claim to freight. We are equally clear, that the claim cannot go beyond a freight pro rata. The letter of the appellee, did not prevent, or in the most distant manner, intend to prevent the owners, from sending the goods to the port of delivery; on the contrary, he appears to have preferred their doing so, and only requested the interference of his friend, in case they should not take that step. . The delivery of the goods to col. Henly, was evidence enough, that the owners had no intention of sending them, and that they had abandoned their claim to full freight.
Judgment reversed and entered for ^20.